IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SEAN SALLACE EARL, ) | |
|     Petitioner, ) | Civil Action No. 7:22cv00111 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| HAROLD W. CLARKE, ) | By: Michael F. Urbanski |
|     Respondent. ) | Chief United States District Judge |

Petitioner Sean Sallace Earl, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2019 convictions and sentence imposed by the Augusta County Circuit Court. The respondent has filed a motion to dismiss, and the matter is now ripe for decision. For the reasons stated below, the court will grant the motion to dismiss and dismiss the habeas petition.

I.

On May 9, 2019, the Augusta County Circuit Court, sitting without a jury, convicted Earl of abduction with intent to defile, attempted rape, damaging a phone line, and indecent exposure, based on the following evidence, as summarized by the Court of Appeals of Virginia:

> On August 13, 2018, the victim worked as a case management counselor at Augusta Correctional Center. [Earl], an inmate at the facility, asked the victim to make legal copies for him that day. . . . [T]he victim later called [Earl] to her office to accommodate his request. The victim advised the control booth officer about the visit and to admit [Earl] through the series of locked doors. When [Earl] arrived at the victim's office, another inmate, Jeffrey Michel, was outside the office waiting for an appointment with her.

> The victim greeted [Earl] at the door to her office and told him to sit on the couch. [Earl] gave the victim the papers he wanted to be copied. The victim counted the pages and told [Earl] the price for the copies. Across the desk, the victim passed the authorization form for the copies to [Earl]. When [Earl] stood up to sign the form, he positioned himself between the victim's desk and a bookshelf, blocking her exit from the office. As he sat down again, [Earl] grabbed his crotch area.
>
> The victim began making the copies using the printer at the back of the office. [Earl] stood, and the victim saw that his penis was outside the zipper of his pants. With his hand on his penis, [Earl] walked toward the victim. She ordered him to sit, but he kept moving forward. [Earl] was masturbating as he continued walking toward the victim, backing her into the corner of the office. The victim ordered [Earl] to get out of the office. The victim started to call the control booth officer, but [Earl] jerked the phone out of her hand. [Earl], who was masturbating, was against the victim's left side. [Earl] used his other hand to push the victim back about five feet and pressed her shoulder against the wall. [Earl] was trying to make eye contact with the victim. The victim grabbed her radio and reported an emergency. The victim twice yelled for Michel's help.
>
> From the office door, Michel saw [Earl] pinning the victim against the wall by her throat and ripping her blouse. [Earl] was "grinding on" the victim. Michel entered the office and hit [Earl] a few times. [Earl] and Michel fought as they went down on the floor. [Earl] punched Michel in the face. While [Earl] and Michel were fighting, the victim fled from the office. The victim noticed that a clip on the back of her shirt, which positioned the shirt higher on her body, had been removed.

Earl v. Commonwealth, No. 1430-19-3, slip op. at 3–4 (Va. Ct. App. March 30, 2020).

Following consideration of a presentence report and arguments of counsel, on August 23, 2019, the court sentenced Earl to 50 years, with 22 years suspended, for the two felony charges, plus 12 months for each of the two misdemeanors, resulting in a total sentence to serve of 28 years plus 24 months, and 22 years suspended for five years of

supervised probation. The trial court entered the judgment order on September 17, 2019. A three-judge panel of the Court of Appeals denied his appeal on June 16, 2020, for the reasons stated in the prior per curiam opinion. The Supreme Court of Virginia refused his petition for appeal on February 9, 2021.

Immediately thereafter, Earl filed a motion to vacate his convictions in the Augusta County Circuit Court, alleging that the court lacked subject matter jurisdiction because testimony referred only to "Augusta" and not to "Augusta County, Virginia." Earl also alleged that his Eighth Amendment rights had been violated by the prison's breach of security procedures (allowing him and Michel to be in the victim's office area at the same time). The trial court denied the motion to vacate in a letter opinion dated March 31, 2021, and entered an order reflecting the judgment on April 21, 2021. Earl filed a notice of appeal to the Supreme Court of Virginia, but the court returned the record to the trial court by letter dated August 31, 2021, indicating that Earl had never filed a petition for appeal. The current § 2254 petition was timely filed on March 1, 2022, raising the same two issues raised in the motion to vacate. [1]

## II.

A federal court may grant a petitioner habeas relief from a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2554(a). A federal district court reviewing a § 2254 petition is also limited by the separate but related doctrines of exhaustion, procedural default, and independent and adequate state law grounds. These procedural doctrines, along with the

---

[1] Earl also filed a petition for a writ of actual innocence in the Court of Appeals of Virginia, which was denied on February 8, 2022. That proceeding, while part of the procedural history of this case, has no relevance to the issues in this habeas proceeding.

3

standard of review and statute of limitations, promote the principles of finality, comity, and federalism, recognizing a state's legitimate interests in enforcing its laws, preventing disruption of state judicial proceedings, and allowing states the first opportunity to address and correct alleged violations of a state prisoner's federal rights. Coleman v. Thompson, 501 U.S. 722, 730–31 (1991).

A habeas petitioner is required to exhaust his claims in state court before his claims can be considered in federal court. 28 U.S.C. § 2254(b)(1)(A). To exhaust his claims, a petitioner must present his federal constitutional claims to the highest state court, on the merits, before he is entitled to seek federal habeas relief. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Failure to do so "deprive[s] the state courts of an opportunity to address those claims in the first instance." Coleman, 501 U.S. at 732.

A separate but closely related issue is the doctrine of procedural default. If a state court has clearly and explicitly denied a petitioner's claim based upon a state procedural rule that provides an independent and adequate ground for the state court's decision, that claim is procedurally defaulted for purposes of federal review. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). A state procedural rule is independent if it does not depend on a federal constitutional ruling, and it is adequate if it is firmly established and regularly applied by the state court. Yeatts v. Angelone, 166 F.3d 255, 264–64 (4th Cir. 1998). A claim that has not been presented to the highest state court and would be procedurally barred as untimely or successive if the petitioner tried to present the issue to the state court now is considered simultaneously exhausted and defaulted. Bassette v. Thompson, 915 F.2d 932, 936–37 (4th Cir. 1990).

Before a federal habeas court will consider a procedurally defaulted claim, the petitioner must show both cause for the default and actual prejudice from the claimed federal violation. Coleman, 501 U.S. at 750. Cause for procedural default requires the existence of some objective factor, external to the defense and not attributable to the prisoner. Id. at 756–57. To show prejudice to overcome procedural default, a petitioner must show that the claimed violation worked to his "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982).

In the present case, Earl's claims have not been properly exhausted. Although he raised the claims in the trial court in his motion to vacate, he never properly perfected his appeal to the Supreme Court of Virginia, the state's highest court. It is now too late to present those issues to the state's highest court. Accordingly, his claims are deemed exhausted and defaulted. This court can consider the claims only if Earl can show cause for his failure to exhaust the claims and actual prejudice. He cannot do so.

As the respondent has noted, Earl has not offered any reason for his failure to perfect his appeal and exhaust the claims he raises, and no such cause is apparent from the record. Even if he could show cause, he cannot show prejudice.

His first claim, that the trial court lacked jurisdiction because no one testified that the offense occurred in Augusta County, Virginia is not a claim arising under federal law. The criminal jurisdiction of Virginia Circuit Courts is specified by Virginia Code §§ 19.2-239 and 17.1-513. Whether that jurisdiction is satisfied arises under state law, not federal law. A federal habeas court does not have any authority over state law questions. Estelle v.

5

McGuire, 502 U.S. 62, 67–68 (1991). Because the state law claim is not cognizable in federal habeas review, there is no prejudice arising from Earl's default of this issue.

Likewise, Earl's second claim is not a basis for habeas relief. Whether the prison breached its security protocol does not affect the legality of Earl's convictions for the crimes he committed. The prison's alleged actions did not cause Earl's criminal behavior, nor does any security breach serve as a defense to his crimes. Because the claim has no merit, there is no prejudice to Earl from defaulting this issue.

### III.

When issuing a final order adverse to a § 2254 petitioner, the court must issue or deny a certificate of appealability. Fed. R. Gov. § 2254 Cases 11(a). A certificate of appealability may issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The movant must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 338 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). In the context of a procedural ruling, the movant must demonstrate both that the dispositive procedural ruling is debatable and that the action states a debatable claim of the denial of a constitutional right. Gonzales v. Thaler, 565 U.S. 134, 140–41 (2012). Earl has not made such showings in this case.

Because Earl's issues were procedurally defaulted, and he has shown neither cause nor prejudice to overcome the default, the court will grant respondent's motion to dismiss,

dismiss the petition for a writ of habeas corpus, and deny a certificate of appealability. An appropriate order will be issued to reflect the ruling.

**ENTER:** This 17th day of February, 2023.

_____
Michael F. Urbanski
Chief United States District Judge

7